MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2013 ME 110
Docket:       Cum-12-471
Argued:       October 9, 2013
Decided:      December 19, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
              JJ.

STEVEN LAMARRE

v.

STATE OF MAINE

GORMAN, J.

[¶1]    Steven Lamarre challenges a judgment entered by the court (*Warren, J.*) denying him post-conviction relief from his conviction of two counts of aggravated trafficking of a schedule W drug within one thousand feet of a school (Class A), 17-A M.R.S. § 1105-A(1)(E)(1) (2012), and two counts of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2012). Lamarre contends that the court erred in finding that Lamarre's trial attorney provided effective assistance of counsel. We affirm the judgment.

I. BACKGROUND

[¶2]  The facts from Lamarre's underlying trial, viewed in the light most favorable to the State, may no longer be disputed. *See State v. Lamarre*, Mem-11-16 (Feb. 8, 2011); *see also State v. Carey*, 2013 ME 83, ¶ 3, 77 A.3d 471; *State v. Larrivee*, 481 A.2d 782, 783 (Me. 1984) (holding that a ruling from a prior

decision of this Court becomes the "law of the case" that cannot be challenged in a later proceeding (quotation marks omitted)).

[¶3] Gina Clark was an opiate addict with felony theft and aggravated forgery convictions from 2005 and 2007. Although she had completed the Adult Drug Treatment Court program in 2007 and was released from probation in 2008, she had relapsed by early 2009. In February of 2009, when Clark became concerned that new theft charges might be brought against her, she approached an agent from the Maine Drug Enforcement Agency (MDEA) and offered to serve as a confidential informant in hopes that her cooperation would assist with any such charges. The detective who worked with her made no promises to Clark, but agreed that her assistance might be considered in the future.

[¶4] Clark informed the MDEA about a man she knew as "Chris," from whom she had purchased drugs in the past. In February and March of 2009, Clark made two purchases of crack cocaine while MDEA agents monitored the transactions from outside the building through a wire worn by Clark. On March 16, 2009, Clark identified Lamarre as "Chris," the man who had twice sold her the crack cocaine. This identification occurred through the use of a photographic "lineup."

[¶5] In May of 2009, Lamarre was indicted on two counts of aggravated trafficking of a schedule W drug within one thousand feet of a school (Class A),

17-A M.R.S. § 1105-A(1)(E)(1), and two counts of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A). Attorney Randall Bates was appointed to represent Lamarre.

[¶6] The court conducted a jury trial on September 8, 2009. At the trial, Clark testified that Lamarre was the man who had sold her the drugs. Thus, the case against Lamarre rested primarily on Clark's credibility. In the State's direct examination of Clark and on cross-examination by Attorney Bates, Clark was questioned about her drug use, her criminal history, and her hope that working with the MDEA might cause one of the agents to "go to bat" for her if she faced new criminal charges. In addition, Attorney Bates presented testimony showing that Clark's description of "Chris" did not match Lamarre's height or weight. In his closing argument, Attorney Bates reminded the jurors that the State's case relied exclusively on the credibility of Clark, an addict and criminal attempting to procure a more favorable situation for herself, and whose description of the man from whom she bought drugs did not match Lamarre's appearance.

[¶7] The jury found Lamarre guilty of the two aggravated trafficking counts, and the court found him guilty of twice violating the conditions of his release in a related case. The court sentenced Lamarre to nine years in prison for each of the trafficking counts, to run concurrently, and six months for each violation of a condition of release, also to run concurrently, with all but six years

4

suspended, three years of probation, and two $400 fines. We affirmed Lamarre's conviction in his direct appeal. *State v. Lamarre*, Mem-11-16 (Feb. 8, 2011).

[¶8] In April of 2011, Lamarre petitioned for post-conviction review, asserting that Attorney Bates provided ineffective assistance of counsel by failing to conduct a reasonable investigation to discover three recent pending criminal matters against Clark, and in failing to impeach her credibility on that basis.[1] *See* 15 M.R.S. § 2129(1) (2012). The docket records from those three matters, of which we take judicial notice, *see King v. King*, 2013 ME 56, ¶ 4 n.1, 66 A.3d 593, reveal the following.

[¶9] In the first matter, Clark was bailed on September 4, 2009, four days before Lamarre's September 8 trial, for a charge of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2012), that the State alleged she committed on September 3, 2009. On September 17, 2009, the State filed a criminal complaint against Clark in Cumberland County listing the assault for which she had been arrested, plus counts of obstructing the report of a crime or injury (Class D), 17-A M.R.S. § 758(1)(A), (3) (2012), and reckless conduct (Class D), 17-A M.R.S. § 211 (2012). On March 5, 2010, the State filed a supplemental criminal information against Clark alleging that she had also

---

[1] Lamarre, represented by a different attorney, had moved for a new trial on the ground that Clark's criminal history constituted newly discovered evidence, but elected not to pursue his motion. *See* U.C.D.R.P.–Cumberland County 33; M.R. Crim. P. 33.

committed the offense of disorderly conduct (Class E), 17-A M.R.S. § 501-A(1)(B), (3) (2012). All of these crimes were alleged to have been committed by Clark on September 3, 2009.

[¶10]   In the second matter, the State filed a criminal complaint against Clark on October 2, 2009, alleging theft by unauthorized taking or transfer (Class C), 17-A M.R.S. § 353(1)(B)(6) (2012), and criminal mischief (Class D), 17-A M.R.S. § 806(1)(A), (2) (2012), for events that the State alleged occurred on August 2, 2009.

[¶11]   In the third matter, Clark was indicted on October 8, 2009, for theft by deception (Class C), 17-A M.R.S. § 354(1)(A), (B)(4) (2012), for acts the State alleged occurred on August 3, 2009.

[¶12]   After conducting a testimonial hearing, the post-conviction court denied Lamarre post-conviction relief. The court determined that because no arrest was made or charge filed in Clark's second and third criminal matters until weeks after Lamarre's trial, Attorney Bates had no means to discover that those matters might be forthcoming, nor any basis on which to impeach Clark on those grounds. Thus, the court found that Attorney Bates provided effective assistance of counsel to Lamarre as to Clark's second and third matters.

[¶13]   As to Clark's first criminal matter, the court declined to consider whether Attorney Bates's failure to discover that Clark was arrested four days

6

before Lamarre's trial for domestic violence assault constituted ineffective assistance of counsel because it found that the discovery and use of such a charge to impeach Clark likely would not have affected the outcome of Lamarre's trial. We granted Lamarre a certificate of probable cause permitting him to proceed with this appeal of the denial of his petition for post-conviction review pursuant to 15 M.R.S. § 2131(1) (2012) and M.R. App. P. 19.[2]

## II. DISCUSSION

[¶14] The post-conviction court applies a two-prong test in adjudicating a claim of ineffective assistance of counsel; it considers, first, "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance below what might be expected from an ordinary fallible attorney," and second, "whether any such ineffective representation likely deprived the defendant of an otherwise available substantial ground of defense." *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493 (alteration omitted) (quotation marks omitted). The second prong requires the petitioner to demonstrate that "trial counsel's performance likely affected the outcome of the trial." *Id*. ¶ 13 (quotation marks omitted). Each portion of the inquiry is a question of fact that we will not disturb unless clearly erroneous, that is, when "there is no competent evidence in

---

[2] Lamarre does not challenge the additional basis on which he sought and was denied post-conviction relief, and therefore we need not address it in this appeal.

the record to support it." *Francis v. State*, 2007 ME 148, ¶ 5, 938 A.2d 10 (quotation marks omitted).

[¶15] With regard to her second and third criminal matters, Clark was not charged until October of 2009, weeks after Lamarre's trial. Although the dates of those alleged offenses predated Lamarre's trial by more than a month, Lamarre presented no evidence that the State was aware of those alleged acts or the likelihood of any resulting charges against Clark at any time before Lamarre's trial occurred. Although, as Lamarre argues, "[d]efense counsel owes a duty to the client to conduct a reasonable investigation," *Legasse v. State*, 655 A.2d 328, 329-30 (Me. 1995), we have never held that an attorney must discover that charges will be brought against a witness in the future, nor is it clear how an attorney would go about attempting to find such evidence. In these circumstances, the record amply supports the court's finding that Attorney Bates provided effective assistance of counsel regarding Clark's second and third criminal matters.

[¶16] As to Clark's first criminal matter, the court declined to consider whether Attorney Bates's failure to discover and impeach Clark on her arrest for domestic violence assault just a few days prior to Lamarre's trial constituted ineffective assistance of counsel pursuant to the first prong of the test. Rather, the court found that regardless of whether that failure amounted to ineffective assistance of counsel, it likely would not have affected the outcome of Lamarre's

trial pursuant to the second prong of the test. Because the post-conviction court did not make any finding regarding the first prong of the test as to Clark's third matter, we review only its finding as to the second prong—that discovering and impeaching[3] Clark based on the assault charge likely would not have affected the outcome of the trial.

[¶17] In making that finding, the court noted that Clark's actions in approaching law enforcement and acting as a confidential informant with regard to Lamarre occurred nearly six months before any of the incidents that led to Clark's new criminal charges. Attorney Bates cross-examined Clark extensively about her convictions for theft, her drug abuse, and her motive in offering to become a confidential informant, i.e., that she had done so specifically to obtain leniency in her own possible future cases. In addition, those same themes formed the basis of Attorney Bates's closing argument on Lamarre's behalf. Thus, the court's finding—that "it is unlikely that trial counsel could have persuaded the jury that the identification of Lamarre . . . was so tainted by the existence of the post-identification domestic assault charges that Lamarre should have been

---

[3] There is also no dispute that a pending domestic violence case could not be used as impeaching evidence pursuant to M.R. Evid. 609, and therefore could have been used only to challenge her credibility by suggesting that she was testifying for the purpose of obtaining favorable treatment on the new charge. A witness's credibility may be attacked with evidence of a prior criminal *conviction*, but "only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which the witness was convicted, or (2) involved dishonesty or false statement, regardless of the punishment." M.R. Evid. 609(a). Here, not only was there no conviction, but also the crime alleged does not fall within either of Rule 609's categories.

acquitted"—is also supported by the record, and we decline to disturb the court's judgment denying Lamarre post-conviction relief on these grounds.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

John F. Zink, Esq., Freeport, for appellant Steven Lamarre

Stephanie Anderson, District Attorney, and Julia A. Sheridan, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

**At oral argument:**

John F. Zink, Esq., for appellant Steven Lamarre

Julia A. Sheridan, Asst. Atty. Gen., for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2011-2365
FOR CLERK REFERENCE ONLY