MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 117
Docket:       Sag-14-168
Argued:       June 16, 2015
Decided:      August 20, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.


JAMES M. MANLEY

v.

STATE OF MAINE


GORMAN, J.

[¶1]  James M. Manley appeals from an order of the Superior Court (Sagadahoc County, *Horton, J.*) denying his petition for post-conviction review. Because we conclude that the court did not err when it found that Manley received "reasonably effective assistance," we affirm.

## I.  BACKGROUND

[¶2]  On November 15, 2010, Manley was indicted for elevated aggravated assault (Class A), 17-A M.R.S. § 208-B(1)(A) (2014), violation of a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2014),[1] terrorizing (Class D),[2]

---

[1]  Manley initially pleaded not guilty to all charges, but later pleaded guilty to the violation of a condition of release (Class E) charge, 15 M.R.S. § 1092(1)(A) (2014).

[2]  The indictment mistakenly states that 17-A M.R.S. § 210(1)(A) (2014) is a Class C crime. The facts in the indictment clearly allege a Class D crime pursuant to section 210(1)(A), not a Class C crime pursuant to section 210(1)(B). Nevertheless, Manley was not convicted of this charge.

17-A M.R.S. § 210(1)(A) (2014), and obstructing report of crime or injury (Class D), 17-A M.R.S. § 758(1)(B) (2014).

[¶3]  On May 26, 2011, a jury found Manley guilty of elevated aggravated assault (Class A), 17-A M.R.S. § 208-B(1)(A) (2014).  Viewing the evidence in the light most favorable to the State, the following facts were established beyond a reasonable doubt at trial.  *See State v. Reed*, 2013 ME 5, ¶ 9, 58 A.3d 1130.  The charges arose from an incident that occurred on September 19, 2010, at the rooming house where Manley and the victim lived.  Early in the evening, Manley and the victim had a verbal confrontation.  Later that night, Manley followed the victim into his room and repeatedly stabbed the victim's left arm, left shoulder, and back.

[¶4]  The court sentenced Manley to serve twenty-two years in prison, with all but twenty years suspended, and six years of probation for the elevated aggravated assault, and a concurrent six months in prison for the violation of a condition of release.  We affirmed the conviction on Manley's direct appeal. *State v. Manley*, Mem-12-45 (May 15, 2012).  On June 18, 2012, Manley filed a petition for post-conviction relief, which he later amended.  On January 6, 2014, the court conducted a hearing on the petition.[3]

---

[3]  At that hearing, Manley asserted three bases for his claim that trial counsel had been ineffective. First, he claimed that trial counsel had failed to exclude the in-court identification of him by three

[¶5] The court made the following findings of fact, which are supported by competent evidence in the post-conviction record. Manley's trial counsel has engaged in the practice of law for more than twenty years with more than half of his practice focused on criminal defense. He has handled thousands of criminal cases, and he has participated in at least thirty criminal jury trials.

[¶6] For Manley's case, the attorney retained a private investigator to explore various theories of defense, including an alternate suspect theory. Because little support emerged for the alternate suspect theory from the investigator's work, and because the discovery furnished by the State indicated that the victim had some history of self-inflicted injury, the attorney focused his defense strategy on the theory that the victim caused his own injuries. Although the attorney was aware that the victim had received treatment at various hospitals, he was concerned that attempting to obtain the victim's treatment records would alert the State to his strategy. Therefore, the attorney elected to rely on what he had obtained through discovery, and he did not subpoena the victim's medical records.

[¶7] During cross-examination of the victim, the attorney brought out that the victim had deliberately injured himself in the past and, at the time of the

---

witnesses who had earlier failed to identify him through a photographic lineup. Second, he claimed that trial counsel had failed to obtain and present evidence of the victim's long history of self-harm. Finally, Manley claimed that trial counsel had failed to offer into evidence a recorded telephone call during which he had unequivocally denied stabbing the victim. In his appeal from the court's order, however, he raises only the second claim.

4

incident, was depressed about the death of this mother. In addition, the attorney elicited testimony from the victim that, while he was being treated for the injuries resulting from the incident, hospital staff asked him whether he had stabbed himself. Manley's counsel was also able to get the victim to testify that he told the hospital staff that he had considered cutting his own throat earlier that night.

[¶8] The victim's medical records reveal six incidents of actual or threatened self-injury, including at least two incidents of stabbing occurring eight or nine years before the events that gave rise to these charges. The records also corroborate a pattern of self-injury at times of stress.

[¶9] Although the post-conviction court found that the records would have lent more weight to the defense theory of self-injury, it concluded that Manley did not meet his burden "to make at least an initial showing of ineffective assistance of counsel" and denied Manley's petition. In part, this was based on the court's finding that the location and nature of the stab wounds strongly suggested that the victim could not have inflicted all of them himself, and on its determination that the details of self-harm that counsel *had* elicited were relevant and useful.

[¶10] In response to Manley's timely request pursuant to 15 M.R.S. § 2131(1) (2014) and M.R. App. P. 19, we granted him a certificate of probable cause authorizing consideration of the merits of his appeal. M.R. App. P. 19(f).

## II. DISCUSSION

[¶11]  The sole issue presented for our review is whether the post-conviction court correctly determined that Manley's trial counsel provided effective assistance of counsel.  "We review questions of law de novo, and apply a deferential standard of review to the findings of a post-conviction court."  *Roberts v. State*, 2014 ME 125, ¶ 21, 103 A.3d 1031 (quotations marks omitted) (citation omitted).

[¶12]  The seminal case regarding evaluation of a Sixth Amendment ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668, 686 (1984), where the Court noted that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland* outlines a two-prong test for evaluating ineffective assistance of counsel claims, one prong evaluating the attorney's performance and the other evaluating the potential resulting prejudice to the defendant.  *Id.* at 687.  With regard to the first prong, the Court in *Strickland* determined that the "reasonably effective assistance" standard was appropriate to evaluate counsel's performance.  *Id.*

[¶13]  With regard to the second prong, the Court concluded that "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case," as some earlier decisions, including our own,

required. *Id.* at 693. Instead, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court further defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.* The Court then specifically pointed out that "the strict outcome-determinative test . . . imposes a heavier burden on defendants than the tests laid down today." *Id.* at 697. Nevertheless, the Court did point out that "[t]he difference . . . should alter the merit of an ineffectiveness claim only in the rarest case." *Id.*

[¶14] We most recently applied the first prong of the *Strickland* analysis in *Roberts*. 2014 ME 125, ¶¶ 23-28, 103 A.3d 1031. There, we concluded that defense counsel rendered "reasonably effective assistance" despite failing to object to the in-chambers voir dire of individual jury members. *Id.* We concluded that counsel's decision not to object to in-chambers voir dire "represented a thoughtful and practical strategic choice designed to elicit the most candid responses from potential jurors, thus providing the defense team with the information it needed to select a jury in a manner that would best protect [the defendant's] interests." *Id.* ¶ 27; *cf. Aldus v. State*, 2000 ME 47, ¶ 12, 748 A.2d 463 (applying *Strickland*); *Laferriere v. State*, 1997 ME 169, ¶ 7, 697 A.2d 1301 (same).

[¶15]  Our decision in *Roberts* follows the reasoning of *Strickland,* which states that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  466 U.S. 668, 689 (1984) (quotation marks omitted).  *Strickland* did, however, establish some limits on that discretion, noting that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Id.* at 691.  In addition, *Strickland* states that prevailing norms in practice can provide guidance, but warns that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant."  *Id.* at 688-89.

[¶16]  Manley argues that "the complete failure to investigate is almost never a reasonable tactical choice," but "a counsel's decision that further investigation would only produce more of the same is treated very much like a strategic decision," 3 Wayne R. LaFave, *Criminal Procedure* § 11.10(c) (3d ed. 2007); *see also Burger v. Kemp*, 483 U.S. 776, 790-95 (1987).  Also, as the court noted here, "[t]rial counsel's strategic decisions, even if they prove to be

8

wrong in hindsight, as this one arguably may have been, do not necessarily indicate ineffectiveness."

[¶17]    In this case, where the court found that trial counsel's cross-examination of the victim regarding his recent statements and thoughts about self-harm were "more relevant, compelling and immediate than any of the historical incidents that could have been brought out through the medical records," we agree with the post-conviction court that Manley failed to show that the attorney did not provide reasonably effective assistance.

[¶18]  Because we find that Manley's attorney provided reasonably effective assistance, we do not reach the second prong of the *Strickland* analysis regarding prejudice.  Nevertheless, we take this opportunity to recognize that "[t]he decisions of the Supreme Court of the United States interpreting and applying the clauses of the Federal Constitution are conclusive and binding," *Duncan v. Robbins*, 159 Me. 339, 343, 193 A.2d 362 (1963); *see also State v. Hawkins*, 261 A.2d 255, 258 (Me. 1970), and clarify an important point of law.  To the extent that our post-*Strickland* decisions did not clearly apply both prongs of the *Strickland* test for ineffective assistance of counsel, *see Gauthier v. State*, 2011 ME 75, ¶ 12, 23 A.3d 185;  *State v. Brewer*, 1997 ME 177, ¶ 15, 699 A.2d 1139; *Kimball v. State*, 490 A.2d 653, 656 (Me. 1985), we confirm that the *Strickland* test, as stated by the Supreme Court of the United States, is the correct test for

evaluating whether trial counsel provided effective assistance in a given case. Because we conclude that the court did not err in finding that Manley failed to demonstrate that his trial counsel did not provide "reasonably effective assistance" as required by *Strickland*, we affirm the post-conviction court's denial of Manley's petition.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant James M. Manley

Geoffrey A. Rushlau, District Attorney, and Patricia A. Mador, Asst. Dist. Atty., Office of the District Attorney, Bath, for appellee State of Maine

**At oral argument:**

Jamesa J. Drake, Esq., for appellant James M. Manley

Patricia A. Mador, Asst. Dist. Atty., for appellee State of Maine

Sagadahoc County Superior Court docket number CR-2012-89
FOR CLERK REFERENCE ONLY