STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO: CR-15-6240, 16-6241

COREY REID,

        Petitioner

v.

        **PCR DECISION AND ORDER**

STATE OF MAINE,

        Respondent.


This matter came before the court for a prehearing conference on a post-conviction review petition. Verne Paradis, Esquire, represented Mr. Reid ("Reid") and Jen Ackerman, Deputy DA, represented the State of Maine.

## A.    PROCEDURAL BACKGROUND

In CUMCD-CR12-4058, Petitioner was convicted of one count of theft by unauthorized taking, Class D, 17-A M.R.S. § 353(1)(B)(5), and in CUMCD-CR-12-6709, he was convicted of two counts of reckless conduct (with a dangerous weapon), Class C, § 211(1), 1252(4). The court appointed Robert LeBrasseur to represent him. Reid pleaded guilty in 2013. The Rule 11 hearing was held on October 2, 2013 and Sentencing occurred on December 10, 2013.

With regard to the Post-Conviction Review Petition, defendant asserts in his petition ineffective assistance of counsel on the ground that counsel failed to inform petitioner of the impact of his convictions on his immigration status. The parties have stipulated that this question is answered by reference to pages 7,

line 18 through 9, line 24.  In particular, after the court inquired whether Reid was an American citizen, Attorney LeBrasseur stated,

> He's not a US citizen, your Honor. We explained to Mr. Reid, that a theft conviction is a crime of moral turpitude which something frowned upon by immigration services, however being his first crime of moral turpitude it does not lead to automatic removal of an individual.
>
> However, that conviction coupled with the convictions for reckless conduct, with a dangerous weapon, do subject him to removal that no representations can be made to what will happen once he is in the immigration process, and how they decide to proceed.

This was followed up by Mr. Reid assuring the court he understood, and with the court stating, "There are no promises then made with regard to what U.S. immigration may do and whether they will deport you back to Jamaica." Tr. 9, lines 8-10.

## B.    INEFFECTIVE ASSISTANCE OF COUNSEL

In *Manley v. State*, 2015 ME 117, ¶ 12, the Law Court observed that *Strickland v. Washington, 466 U.S. 668, 669 (1984)*, is the "seminal case" that establishes the standards controlling the disposition of claims of ineffective assistance of counsel. The federal constitutional guarantee of the right to counsel under the Sixth Amendment extends to the states through the Fourteenth Amendment, *Missouri v. Frye*, 566 U.S.   , 132 S. Ct. 1399, 1404, 182 L. Ed. 2d 379 (2012), and so the *Strickland* standards govern ineffectiveness claims in state court post-conviction proceedings.  To prevail in a post-conviction proceeding based on an alleged constitutional deprivation of counsel, as alleged here, the petitioner must meet a two prong test: first, "that counsel's representation fell below an objective standard of reasonableness," and second, that "errors of counsel . . . actually had an adverse effect on the defense." *Theriault v. State*, 2015 ME 137, ¶¶ 13-14 (quoting *Strickland*, 466 U.S. at 693). These elements of an ineffective

2

assistance case, when proved, constitute a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Theriault v. State*, 2015 ME 137, ¶¶ 13-14 (quoting *Strickland*, 466 U.S. at 687). But when not proved, petitioner has failed to show that he was deprived a fair trial.

In this case, plea counsel discussed with petitioner and disclosed to the court the petitioner's immigration status and the effect these convictions would have on his immigration status. Petitioner acknowledged that he understood that he was not an American citizen and that his convictions for crimes of moral turpitude would subject him to removal from the U.S. at some time. Under these circumstances, petitioner cannot and did not prove that trial counsel's representation fell below an objective standard of reasonableness. Since petitioner could not demonstrate any errors made by trial counsel, he cannot establish that was that errors of counsel actually had an adverse effect on the defense. Accordingly, the petition is denied.

Wherefore, the ORDER and ENTRY shall be:

The Petition is DENIED.

DATE: October 3, 2016

Joyce A. Wheeler,
Active Retired Justice
Maine Superior Court

3