MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 61
Docket:       Ken-16-18
Argued:       February 6, 2017
Decided:      April 4, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, <u>GORMAN</u>, JABAR, HJELM, and HUMPHREY, JJ.


DANIEL L. FORTUNE

v.

STATE OF MAINE


GORMAN, J.

[¶1]  Daniel L. Fortune appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*) denying his petition for post-conviction review, which was based, in part, on a claim of ineffective assistance of appellate counsel.  We affirm the court's judgment.

## I.  BACKGROUND

[¶2]   On August 28, 2008, the State charged Daniel L. Fortune by indictment with fourteen criminal offenses,[1] including four counts of aggravated attempted murder (Class A), 17-A M.R.S. § 152-A(1) (2007).[2]  In

---

[1] We explained the factual basis for Fortune's convictions, at some length, in our opinion affirming those convictions.  *State v. Fortune*, 2011 ME 125, ¶¶ 3-19, 34 A.3d 1115.

[2] Section 152-A has since been amended but not in any way that affects this appeal.  P.L. 2007, ch. 476, § 2 (effective June 30, 2008) (codified at 17-A M.R.S. § 152-A (2016)).

May of 2010, the court (Somerset County, *Murphy, J.*) held a jury trial at which State witness Leo Hylton—Fortune's alleged accomplice who had earlier pleaded guilty—testified repeatedly that he could not recall the events of the night in question. On cross-examination, Fortune directed Hylton's attention to two portions of a letter that Hylton had written to the victims of the crime and had read aloud in court as part of his sentencing allocution several months earlier.[3] Hylton agreed that he had made an allocution, he had written the letter, the handwriting in the letter was his own, and the statements in the letter were true, but testified that he could not recall making the allocution or writing the letter. As he left the stand, the court reminded Hylton that he was "not finally excused from testifying."

[¶3] The next day, the State moved to admit the entirety of Hylton's sentencing allocution. Over Fortune's objection, the court admitted the allocution pursuant to M.R. Evid. 106 because the portions of the letter highlighted by Fortune, if considered out of context, might suggest that Hylton was taking sole responsibility for the crimes rather than apologizing for failing to stop Fortune from committing them. The allocution was then read aloud to

---

[3] The portions of the letters highlighted by Fortune included Hylton's statements that his "unwavering loyalty" and his "weakness, [his] need to help those [he] loved," had caused "all of this senseless pain."

the jury while Hylton was in another room. Fortune did not recall Hylton to question him regarding the entire allocution.

[¶4] On May 14, 2010, Fortune was convicted of all charged offenses. After a hearing, the court imposed multiple life sentences in addition to multiple lesser sentences, all to be served concurrently. Fortune appealed his convictions and sentences, and we affirmed the judgments. *State v. Fortune*, 2011 ME 125, ¶¶ 1-2, 34 A.3d 1115.

[¶5] Fortune filed a petition for post-conviction review in the Superior Court (Kennebec County)[4] in accordance with 15 M.R.S. § 2129 (2011).[5] He asserted several grounds for relief, including that his right to confront witnesses against him pursuant to the Confrontation Clause, U.S. Const. amend. VI, had been violated when Hylton's allocution was read to the jury absent further cross-examination. With regard to this claim, Fortune asserted that both trial counsel and appellate counsel had failed to provide effective assistance. Because appellate counsel was unavailable to appear at the

---

[4] Fortune's prosecution was transferred from Kennebec County to Somerset County for trial due to the publicity surrounding the case, but he filed his petition for post-conviction review in Kennebec County.

[5] Section 2129 has since been amended but not in any way that affects this appeal. P.L. 2011, ch. 601, § 12 (effective August 30, 2012) (codified at 15 M.R.S. § 2129 (2016)).

4

post-conviction hearing,[6] Fortune and the State stipulated that Fortune's appellate counsel did not discuss, research, or raise the Confrontation Clause issue on appeal because he had not wished to obscure what he considered to be more meritorious arguments by raising an issue that would be reviewed for obvious error.[7]

[¶6]    After a testimonial hearing, in a judgment dated December 23, 2015, the court (*Marden, J.*) denied Fortune's petition.  As noted, Fortune had claimed that both trial counsel and appellate counsel were ineffective.  The court held that Fortune had failed to prove that trial counsel was ineffective, and Fortune has not challenged that determination.[8]   Regarding Fortune's contention that he received ineffective assistance of appellate counsel, however, the court's judgment is confusing and internally inconsistent.  The court found that Fortune's appellate counsel was "deficient in failing to

---

[6] Fortune's trial counsel was able to appear and did testify at the post-conviction hearing.

[7] Because Fortune's trial counsel had not objected to the admission of Hylton's allocution on Confrontation Clause grounds, the issue would have been reviewed for obvious error on appeal. *See State v. Merchant*, 2003 ME 44, ¶ 15, 819 A.2d 1005 (stating that we review issues raised for the first time on appeal for obvious error).

[8] Without argument, Fortune states in his brief on appeal that he disagrees with the court's determination that he did not prove ineffectiveness of trial counsel, and he has purportedly reserved his right to challenge that determination on appeal in the future, asserting that the judgment at issue here is not yet final.  Because we reject the challenge that Fortune *has* presented here, the judgment denying his post-conviction petition *will* be final, thereby precluding further appellate proceedings in this action.

present [the Confrontation Clause issue]" because that issue was "as strong if not stronger" than some of the issues that were raised on appeal. In addition, the court seemed to grant Fortune's petition with regard to the Confrontation Clause issue; it stated that Fortune "is entitled to an appeal on that very issue." Despite this language, however, the court did not make an express finding as to whether appellate counsel's failure to raise the Confrontation Clause issue prejudiced Fortune's direct appeal, and it ultimately denied Fortune's petition.

[¶7] In a motion for reconsideration, Fortune pointed out the inconsistency to the court, proposing that the court had in fact intended to grant his petition regarding the claim of ineffective assistance of appellate counsel. Declining to modify its judgment, the court responded by stating that, in its original order, it had determined that appellate counsel's performance "was not manifestly unreasonable,"[9] and had "therefore denied the petition with regard to appellate counsel." Despite that language, and despite once again denying Fortune's petition, however, the court repeated the language it used in its original order, i.e., that Fortune "is entitled to an appeal on that very issue."

---

[9] The court's judgment contains no such language.

6

[¶8] Fortune appealed the post-conviction judgment, and we granted Fortune a certificate of probable cause to pursue this appeal. *See* M.R. App. P. 19.

## II. DISCUSSION

[¶9] As we have noted, *Strickland v. Washington*, 466 U.S. 668 (1984), "establishes the standards controlling the disposition of claims of ineffective assistance of counsel" in the form of a two-part analysis: (1) whether "counsel's representation fell below an objective standard of reasonableness" and (2) whether "errors of counsel . . . actually had an adverse effect on the defense." *Theriault v. State*, 2015 ME 137, ¶¶ 13-14, 125 A.3d 1163 (citation omitted) (quotation marks omitted). In *Strickland*, the United States Supreme Court characterized the inquiries into ineffective assistance of counsel as mixed questions of law and fact. 466 U.S. at 698. Federal appellate courts have therefore reviewed ineffective assistance of counsel claims as such.[10]

---

[10] Many of the states' highest courts also recognize that claims of ineffective assistance of counsel present mixed questions of law and fact on appeal. *See, e.g.*, *Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007); *Taylor v. Comm'r of Corr.*, 324 Conn. 631, 643-44, --- A.3d --- (Conn. 2017); *Washington v. United States*, 689 A.2d 568, 571 (D.C. 1997); *State v. Pearce*, 994 So. 2d 1094, 1099 (Fla. 2008); *Muller v. State*, 663 S.E.2d 206, 208 (Ga. 2008); *Coleman v. State*, 741 N.E.2d 697, 699-700 (Ind. 2000); *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008); *Coleman v. State*, 75 A.3d 916, 923 (Md. 2013); *People v. Douglas*, 852 N.W.2d 587, 592 (Mich. 2014); *Griffin v. State*, 883 N.W.2d 282, 287 (Minn. 2016); *State v. Turner*, 12 P.3d 934, 943 (Mont. 2000); *State v. Alarcon-Chavez*, 295 Neb. 1014, 1021, --- N.W.2d --- (Neb. 2017); *Rubio v. State*, 194 P.3d 1224, 1229 (Nev. 2008); *State v. Cable*, 136 A.3d 919, 927 (N.H. 2016); *State v. Favela*, 343 P.3d 178, 182 (N.M. 2015); *Bird v. State*, 882 N.W.2d 727, 729 (N.D. 2016); *Commonwealth v. Bardo*, 105 A.3d 678, 685 (Pa. 2014); *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011); *State v. Hutchings*, 285 P.3d

*See, e.g.*, *Smith v. Dickhaut*, 836 F.3d 97, 103 (1st Cir. 2016) ("In the context of a federal habeas proceeding, claims of ineffective assistance of counsel present mixed questions of law and fact . . . ."); *Taylor v. Kelley*, 825 F.3d 466, 469 (8th Cir. 2016); *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016); *Denson v. United States*, 804 F.3d 1339, 1341 (11th Cir. 2015); *United States v. Kilpatrick*, 798 F.3d 365, 374 (6th Cir. 2015); *United States v. Thomas*, 724 F.3d 632, 647 (5th Cir. 2013); *Carrera v. Ayers*, 670 F.3d 938, 942 (9th Cir. 2011); *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011); *Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011); *United States v. Goodwin*, 594 F.3d 1, 4 (D.C. Cir. 2010); *United States v. Fudge*, 325 F.3d 910, 923 (7th Cir. 2003); *United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002).

[¶10]    In contrast, we have historically reviewed a court's determinations as to ineffective assistance of counsel—both pre- and post-*Strickland*—solely for clear error.  *McGowan v. State*, 2006 ME 16, ¶ 15, 894 A.2d 493; *see, e.g.*, *Chase v. State*, 227 A.2d 455, 455, 462 (Me. 1967) (reviewing the denial of a pre-*Strickland* claim of ineffective assistance of counsel for clear error).  In 2006, in accordance with principles of judicial

1183, 1186 (Utah 2012); *Fuentes v. Clarke*, 777 S.E.2d 550, 553 (Va. 2015);  *State v. Jones*, 352 P.3d 776, 781 (Wash. 2015); *State v. Thiel*, 665 N.W.2d 305, 314 (Wis. 2003); *Worley v. State*, 386 P.3d 765, 769 (Wyo. 2017).

economy, we twice declined to reach the question of whether to adopt a bifurcated standard of review—clear error for findings of fact and de novo for conclusions of law—in appeals governed by *Strickland*. *See Pineo v. State*, 2006 ME 119, ¶ 11, 908 A.2d 632; *McGowan*, 2006 ME 16, ¶¶ 14-16, 894 A.2d 493. For many years thereafter, without discussion, we employed the clear error standard for appeals of post-conviction judgments where the petitioner claimed ineffective assistance of counsel. *See, e.g.*, *Roberts v. State*, 2014 ME 125, ¶ 23, 103 A.3d 1031; *Lamarre v. State*, 2013 ME 110, ¶ 14, 82 A.3d 845; *Francis v. State*, 2007 ME 148, ¶ 5 & n.2, 938 A.2d 10; *Heon v. State*, 2007 ME 131, ¶ 8, 931 A.2d 1068; *Alexandre v. State*, 2007 ME 106, ¶ 43, 927 A.2d 1155.

[¶11] More recently, however, but without announcing any changes in our process, we articulated a different standard of review for appeals of post-conviction judgments. *See, e.g.*, *Middleton v. State*, 2015 ME 164, ¶¶ 11, 28, 129 A.3d 962 ("In appeals from judgments issued in post-conviction proceedings, we review questions of law de novo and apply a deferential standard of review to factual findings." (quotation marks omitted)); *Theriault*, 2015 ME 137, ¶ 12, 125 A.3d 1163; *Manley v. State*, 2015 ME 117, ¶ 11, 123 A.3d 219.

[¶12]   Again, we recognize that "*Strickland* is the seminal case that establishes the standards controlling the disposition of claims of ineffective assistance of counsel," and "[its] standards govern ineffectiveness claims in state court post-conviction proceedings."   *Theriault*, 2015 ME 137, ¶ 13, 125 A.3d 1163 (quotation marks omitted).  Today, in our continuing effort to be faithful to the *Strickland* standards, and acknowledging that both prongs of the *Strickland* analysis often present mixed questions of law and fact, *see Strickland*, 466 U.S. at 468, we announce that we will review a post-conviction court's legal conclusions de novo and its factual findings for clear error, *see McGowan*, 2006 ME 16, ¶ 14, 894 A.2d 493 ("Mixed questions of law and fact are generally subject to bifurcated appellate review with the post-conviction court's factual findings reviewed for clear error and its legal conclusions reviewed de novo.").

[¶13]  We recognize that such a "mix" of legal and factual questions can be difficult to tease apart.  As some federal courts of appeals have done, we will apply the most appropriate standard of review for the issue raised depending on the extent to which that issue is dominated by fact or by law.  As the First Circuit Court of Appeals has explained:

> Where the district court held an evidentiary hearing on an ineffective assistance of counsel claim, [an appellate court]

> review[s] its factual conclusions for clear error and its legal conclusions de novo. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of fact and law, and the standard of review applied to such questions depends, in the last analysis, on the extent to which a particular question is fact-dominated or law-dominated.

*United States v. Manon*, 608 F.3d 126, 132 (1st Cir. 2010) (alterations omitted) (citations omitted) (quotation marks omitted); *see Rossetti v. United States*, 773 F.3d 322, 327 (1st Cir. 2014) (explaining that the district court's conclusion as to the prejudice prong of *Strickland* "present[ed] 'mixed questions of law and fact' in which factual questions predominate[d]" and therefore the appellate court reviewed "largely for clear error"); *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (explaining that, where the district court "engaged in a careful and close analysis of the trial evidence," the appellate court reviewed the "fact-dominated" prejudice prong of *Strickland* for clear error).

[¶14] This same "mixed" standard of review has been embraced by other states, and for the same reasons:

> The issue of whether the representation that a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. As such, the question requires plenary review unfettered by the clearly erroneous standard. In our review of this claim, we afford great deference to the habeas court's factual findings, which underlie its legal conclusions. The habeas court is afforded broad discretion in making its factual findings, and those findings

> will not be disturbed unless they are clearly erroneous.  Thus, this court does not retry the case or evaluate the credibility of the witnesses.  Rather, we must defer to the trier of fact's assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude.  The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony.

*Taylor v. Comm'r of Corr.*, 324 Conn. 631, 643-44, --- A.3d --- (2017) (alterations omitted) (citations omitted) (quotation marks omitted); *see also Coleman v. State*, 75 A.3d 916, 925 (Md. 2013) ("[I]n making our independent appraisal, we accept the findings of the trial judge as to what are the underlying facts unless he is clearly in error.  We then reweigh the facts as accepted in order to determine the ultimate mixed question of law and fact, namely, was there a violation of a constitutional right as claimed." (quotation marks omitted)); *Fuentes v. Clarke*, 777 S.E.2d 550, 553 (Va. 2015) (explaining that the trial court's ruling that counsel adequately advised the defendant of the consequences of a guilty plea "is a legal conclusion that is not entitled to deference upon appellate review.  However, the [trial] court stated that it based its ruling on the evidence adduced at the evidentiary hearing, so we review that evidence in the light most favorable to the prevailing party below . . . .").

[¶15] Applying the clarified standard of review to this case, however, provides no relief for Fortune. In its judgment denying Fortune's petition for post-conviction review, the court stated that Fortune's appellate counsel was "deficient in failing to [raise on direct appeal]" trial counsel's failure to object to the admission of Hylton's allocution on Confrontation Clause grounds. Even giving great deference to this mixed determination of fact and law, *see Manley*, 2015 ME 117, ¶ 11, 123 A.3d 219, we must conclude that Fortune's appellate counsel was not ineffective within the meaning of the Sixth Amendment. *See* U.S. Const. amend. VI.

[¶16] An appellate attorney's mission is to identify errors in the trial. Therefore, a claim that appellate counsel was ineffective is, in actuality, an assertion that there was an "alleged flaw in the trial proceedings for which appellate counsel neglected to seek relief." *Hollon v. Commonwealth*, 334 S.W.3d 431, 439 (Ky. 2010). Here, the court correctly determined that trial counsel handled the Confrontation Clause issue well and created no prejudice for Fortune.[11] Therefore, the court's determination that appellate

---

[11] Fortune's argument concerning trial counsel's handling of the Confrontation Clause issue was undercut by Hylton's continuing availability for cross-examination. *See State v. Gorman*, 2004 ME 90, ¶¶ 51-55, 854 A.2d 1164.

counsel's decision not to raise the same issue on appeal was "deficient" is not supported by the record.  As the United States Supreme Court has stated,

> the proper standard for evaluating [a] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland* v. *Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  Respondent must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.

*Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citations omitted).  Here, the court correctly determined that trial counsel had not erred in her handling of Hylton's allocution.  Therefore, appellate counsel's "failure" to raise that issue could never provide a basis for ineffectiveness, and the court's apparent determination to the contrary was error.[12]

[¶17]  The court apparently denied Fortune's petition because it did not find or conclude that any error by appellate counsel was sufficiently prejudicial to justify any relief.[13]  Having determined that appellate counsel

---

[12]  Because appellate counsel's performance did not fall "below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), there was no need for the court to address the issue of prejudice.

[13]  Again, in both its original order and the order on the motion for reconsideration, the court denied Fortune's petition.  In the order on reconsideration, the court also stated that it determined that appellate counsel's decision not to raise the Confrontation Clause on appeal was not "manifestly unreasonable."

committed *no* error in declining to pursue the Confrontation Clause issue on appeal, we affirm the trial court's denial of Fortune's petition.

The entry is:

Judgment affirmed.

---

Rory A. McNamara, Esq. (orally), Drake Law, LLC, Berwick, for appellant Daniel L. Fortune

Maeghan Maloney, District Attorney (orally), Kennebec County District Attorney's Office, Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2014-56
FOR CLERK REFERENCE ONLY