STATE OF MAINE                             UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                            DOCKET NO. CUMCD-CR-2015-5385,
                                           7287 and 7375


MATTHEW BRADLEY,

     Petitioner

v.                                         ORDER ON PCR

STATE OF MAINE,

     Respondent


Matthew Bradley challenges the competence of his trial attorney in failing to advise him on the specific intent requirement of the crime of unlawful sexual contact and on the implications on DOC classification in pleading guilty to unlawful sexual contact. On April 8, 2016, Bradley pled guilty to one count of aggravated trafficking in scheduled drugs (Class A) and one count of unlawful sexual contact (Class C). The court sentenced him to 5 years and $400 on the Class A drug trafficking charge[1] and 2 years, concurrent, on the Class C unlawful sexual contact. At the PCR hearing, Bradley withdrew the portion of his petition addressing the drug trafficking conviction, and limited his petition to the sex conviction.

Bradley contends that his plea counsel did not advise him of his defenses to the sex crime, particularly the fact that this crime requires the State prove specific intent and

---

[1] Bradley was originally charged with six drug-related crimes, including aggravated trafficking (Class A), unlawful possession of schedule drugs (Class C), criminal forfeiture of property, trafficking in prison contraband (Class C), aggravated trafficking of scheduled drugs (Class A), and another charge of aggravated trafficking in scheduled drugs (Class A). All but one of the aggravated trafficking in scheduled drugs charges were dismissed as part of the global plea agreement.

the consequences of a plea to a sex crime in DOC classification. His plea to the sex crime was part of a global plea that also resolved his pending drug trafficking charges. He argues that he would have gone to trial on the sex charge instead of pleading to a sex crime if he knew this was a specific intent crime. After commencing his sentence, Bradley learned that DOC would not allow him to transfer to a minimum-security facility or permit him to do work release because of his conviction for a specific intent crime. He also learned that a specific intent crime such as he pled to requires that he intended to do something sexual, and he did not. Rather, his intent was to remove drugs from the victim's anus.

There were many offers during the plea negotiations that involved pleading to multiple drug charges and doing substantial time in prison. Bradley didn't like these offers because they would result in too much prison time. Bradley made it clear to his attorney that the magic number for him was 5 years; he would not do more than 5 years in prison. The State's final offer included either plead to the drug charges and receive more time in prison or plead to one drug charge and the sex crime and receive less time in prison. He would have to plead to the sex offense to cut down his prison time. The choice was Bradley's and he chose the plea offer that would result in a five-year sentence, and would not require him to register as a sex offender.

In reviewing this claim challenging the effectiveness of his representation by plea counsel, the court reviewed the transcript from the plea and heard testimony from Mr. Bradley and his plea counsel.

Plea counsel testified credibly and forcefully that she thought the sex charge was "crap" and the state would have trouble proving the allegation because the facts did not

2

fit the elements of the crime. She discussed with Bradley multiple times the elements of the crime and that the state could not prove intent. She discussed with him his various defenses. She struggled with defendant accepting the plea offer but ultimately it was his decision to make and he chose the lesser sentence and pleading to the sex crime.

In contrast to plea counsel's testimony, Bradley's testimony was vague. He couldn't remember some things: he doesn't remember his plea counsel going over the elements of the sex crime; he doesn't remember the dispositional conference or what counsel said in connection with that conference; he doesn't remember his conversation with plea counsel when he decided to accept the plea deal which required a plea to the sex crime; and he doesn't remember the discussion about the implications of the plea. He remembers that he didn't have to register as a sex offender. He does recall that after speaking with plea counsel, he decided to accept the plea deal because it was in his best interest. He knew that he would have to plea to the sex crime to cut down the amount of prison time. But he claims he would have gone to trial if he knew that specific intent was required and what the consequences would have been in prison.

Bradley may have not heard the term "specific intent" but plea counsel explained to him why she thought he had a good defense to the sex charge. They talked about it a lot. The charge did not fit what defendant did. Plea counsel did not think the State could prove what it alleged because he did what he did for drugs, not for sex. They discussed intent and that the state had to prove intent. They also discussed more general topics such as how he would be treated in prison as a sex offender. But none of that mattered to defendant, he wanted the benefit of the bargain, that is a shorter sentence, and that is what

3

he got. His plea to the sex charge was a compromise that he thought was in his best interest.

At sentencing, Bradley made an *Alford plea* to the sex charge; he admitted that the statement that going into the victim's rectum was accurate and that he would admit that the State had enough evidence to prove his guilty beyond a reasonable doubt. He agreed there was enough evidence for him to be convicted but he would not plead guilty. Plea Transcript at 12-13, CDCR 15-7287. This is exactly what an *Alford plea* is for. In *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the United State Supreme Court held that a court may constitutionally accept a guilty plea from a defendant who affirmatively protests his innocence when the defendant intelligently concludes that the plea is in his interests and the record contains strong evidence of actual guilt. *Id.*

Plead counsel explained at the plea and sentencing,

[F]or the record he would like the court to know that he does not – he would like the benefit of the plea offer, which the State has extended to him. And one of the issues we discussed during our negotiations is whether or not the State could actually make their burden on that lead charge [sexual assault] . . .the language is up to debate, and so 12 people could rule in the State's favor, 12 people could rule in the Defense favor or one person could rule in the Defense favor.
We've gone over all of these options. But because of the risk, particularly for my client who has two separate cases pending in the State, he's got some mandatory time he'd be facing in that drug case, the global resolution was in his best interest, it is what he wants to accept. But for the record, he would like the Court to know that he does not admit guilt as to that charge.

Plea transcript at 12-13. Later following a discussion that under present law Bradley would not have to register as a sex offender, plea counsel stated to the Court, "And so, your honor, we went all over defenses, we went all over his options. This is the one he has selected is in his best interest." Plea transcript at 17.

In *Manley v. State*, 2015 ME 117, ¶ 12, the Law Court observed that *Strickland v.*

4

*Washington*, 466 U.S. 668, 669 (1984), is the "seminal case" that establishes the standards controlling the disposition of claims of ineffective assistance of counsel. The federal constitutional guarantee of the right to counsel under the Sixth Amendment extends to the states through the Fourteenth Amendment, *Missouri v. Frye*, 566 U.S.  , 132 S. Ct. 1399, 1404, 182 L. Ed. 2d 379 (2012), and so the *Strickland* standards govern ineffectiveness claims in state court post-conviction proceedings.  To prevail in a post-conviction proceeding based on an alleged constitutional deprivation of counsel, as alleged here, the petitioner must meet a two prong test: first, "that counsel's representation fell below an objective standard of reasonableness," and second, that "errors of counsel . . . actually had an adverse effect on the defense." *Theriault v. State*, 2015 ME 137, ¶¶ 13-14 (quoting *Strickland*, 466 U.S. at 693). These elements of an ineffective assistance case, when proved, constitute a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Theriault v. State*, 2015 ME 137, ¶¶ 13-14 (quoting *Strickland*, 466 U.S. at 687). But when not proved, petitioner has failed to show that he was deprived a fair trial.

As for specific intent, plea counsel discussed with petitioner and disclosed to the court the petitioner's dilemma in pleading guilty to the unlawful sexual contact charge because he did not commit the act for sex, but for drugs.  She explained that petitioner was making an *Alford plea* because he could not admit to guilt.  On the other hand, he wanted the benefit of the sentence that the State offered if he pled guilty to both the sex charge and the aggravated trafficking charge.  Petitioner acknowledged that he understood that he was entering an *Alford plea* and he thought that this was in his best interest.  Thus, the court is satisfied that plea counsel explained the intent requirement of

5

unlawful sexual contact and that petitioner understood that explanation and that he had a defense to that offense. On this claim, plea counsel more than met the objective standard of reasonableness and her representation did not have an adverse effect on petitioner's defense to this charge.

As for the consequences in DOC of a sex plea, petitioner offered no evidence on the objective standard of reasonableness for an attorney representing a client charged with a sex crime. Further, Rule 11 of the Maine Rules of Unified Criminal Procedure does not require that plea counsel advise the client of the potential consequences of a plea to a sex charge. Petitioner cannot and did not prove that plea counsel's representation fell below an objective standard of reasonableness.

Since petitioner could not demonstrate any errors made by plea counsel, he cannot establish that errors of counsel actually had an adverse effect on the defense. This plea counsel did an extraordinary job in representing petitioner and got the best result possible from an unfavorable situation. Petitioner wanted a five-year sentence, and that is what he secured by agreeing to plead to both charges. In the absence of pleading guilty to unlawful sexual contact, the Petitioner knew that the State would ask for a sentence of more than five years. Accordingly, the petition is denied.

Wherefore, the ORDER and ENTRY shall be:

The Petition is DENIED.

DATE: July 20, 2017

_____
Joyce A. Wheeler,
Active Retired Justice
Maine Superior Court

6