MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 99
Docket:       Cum-18-394
Argued:       May 15, 2019
Decided:      June 18, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IGNACIO D. ROQUE

v.

STATE OF MAINE

JABAR, J.

[¶1]  Ignacio D. Roque appeals from a judgment of the Superior Court (Cumberland County, *Eggert, J.*) dismissing his petition for post-conviction review as untimely filed.  Roque contends that the court erred when it dismissed his petition because he had not been informed of the filing deadline contained in 15 M.R.S. § 2128-B (2018), and therefore the court was precluded from summarily dismissing the petition based on the statutory filing deadline. We disagree and affirm the dismissal of Roque's petition.

## I.  BACKGROUND

[¶2]   On September 23, 2016, Roque pleaded guilty to charges of aggravated trafficking in scheduled drugs (Class A), 17-A M.R.S. § 1105-A

(2015),[1] and illegal importation of scheduled drugs (Class C), 17-A M.R.S. § 1118 (2018). The record does not reflect that Roque was informed by the court or his attorney of his right to file a petition for post-conviction review or of any of the associated filing deadlines. Roque did not directly appeal his conviction but filed a petition for post-conviction review on January 10, 2018, seeking to collaterally attack his conviction on the basis of ineffective assistance of counsel. After counsel was appointed to represent Roque, the State responded to Roque's petition, seeking dismissal on the ground that the petition was untimely filed.

[¶3] On September 18, 2018, the court granted the State's request and dismissed Roque's petition as untimely filed. *See* 15 M.R.S. § 2128-B(1).[2] Roque

---

[1] Title 17-A M.R.S. § 1105-A has since been amended, though not in any way that affects the present case. P.L. 2017, ch. 460, §§ F-2, F-3 (effective July 9, 2018) (codified at 17-A M.R.S. § 1105-A(1)(K)-(M) (2018)).

[2] 15 M.R.S. § 2128-B(1) (2018) sets forth the following filing deadlines:

A one-year period of limitation applies to initiating a petition for post-conviction review seeking relief from a criminal judgment under section 2124, subsection 1 or 1-A. The limitation period runs from the latest of the following:

A. The date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal;

B. The date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review; or

timely appealed the court's dismissal and we granted Roque a certificate of probable cause to proceed with the appeal. *See* 15 M.R.S. § 2131(1) (2018); M.R. App. P. 19(a)(2)(F).

## II. DISCUSSION

[¶4] The question presented in this case is whether a defendant's trial attorney or a sentencing court has any obligation to notify a defendant of his or her rights pursuant to the post-conviction review statute, 15 M.R.S. §§ 2121-2132 (2018). Roque contends that the court erred in its determination that there is no duty imposed on trial counsel or the sentencing court to inform a defendant about the deadlines for filing a post-conviction review petition. We review a post-conviction court's legal conclusions de novo. *Fortune v. State*, 2017 ME 61, ¶ 12, 158 A.3d 512.

A.    Sentencing Court

[¶5] Roque asserts that the sentencing court's duty to advise defendants of the deadline for filing a petition for post-conviction review during a Rule 11 guilty plea stems from a "due process precondition." Although Rule 11 imposes numerous duties on the court, specifically informing a defendant about

---

C. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

post-conviction review is not one of them. M.R.U. Crim. P. 11(b)(1)-(4). Furthermore, Roque does not cite, and our independent research fails to reveal, any authority supporting the proposition that a sentencing court has an affirmative duty to advise defendants about their rights to seek post-conviction review. We decline Roque's invitation to impose a new obligation on sentencing courts to inform defendants about the filing deadline set out in 15 M.R.S. § 2128-B.

B.    Trial Counsel

[¶6] Next, Roque asserts that his trial counsel's failure to inform him of the filing deadline for post-conviction review petitions constituted ineffective assistance of counsel and precludes enforcement of the filing deadline.

[¶7] "Representation of a criminal defendant entails certain basic duties," such as the duty to consult with the defendant "on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Although there is no bright-line duty requiring trial counsel to consult with his or her client about post-conviction motions, appeals, or petitions for post-conviction review, *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 479-81 (2000), there might be a circumstance where counsel could perform ineffectively by

failing to consult with a defendant about the right to seek post-conviction review, *see McGowan v. State*, 2006 ME 16, ¶ 12, 894 A.2d 493 ("[*Strickland*] is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are guided by the overall justness and fairness of the proceeding." (quotation marks omitted)); *cf. Gunner v. Welch*, 749 F.3d 511, 517-19 (6th Cir. 2014).

[¶8]  However, even if trial counsel has a duty to consult with a defendant about post-conviction review in some circumstances, Roque's challenge does not present such circumstances. *See Chautla v. Young*, No. 1:12CV771, 2013 U.S. Dist. LEXIS 14565, at *14-17 (M.D.N.C. Feb. 4, 2013).  In *Roe v. Flores-Ortega*, the United States Supreme Court held that there is no bright-line duty to consult with a defendant about an appeal; that duty is imposed only when (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrates to counsel that he was interested in an appeal.  528 U.S. at 480.  We do not equate the right to appeal with the right to seek post-conviction review; an appeal involves the underlying case directly, whereas post-conviction review is a collateral challenge to the conviction.  Nevertheless, given the lack of authority regarding the issue raised in this case, *Flores-Ortega* provides some

helpful guidance regarding the duty to consult with a client about a means of seeking post-judgment relief.  *See id*. at 476-86.

[¶9]  In this case, Roque pleaded guilty, was sentenced in accordance with the plea agreement, and has never alleged that he demonstrated to trial counsel that he was interested in pursuing any post-conviction motions, appeals, or petitions.  Thus, pursuant to the *Flores-Ortega* framework, Roque's trial counsel would not have been under a duty to consult with Roque about an appeal, let alone a post-conviction review petition.  *See id*. 479-81.

### III.  CONCLUSION

[¶10]  In sum, the court did not err when it dismissed Roque's petition for post-conviction review as untimely filed.  *See* 15 M.R.S. § 2128-B; *Finch v. State*, 1999 ME 108, ¶¶ 1, 14-15, 736 A.2d 1043.

The entry is:

Judgment affirmed.

---

Lawrence C. Winger, Esq. (orally), Portland, for appellant Ignacio D. Roque

Aaron M. Frey, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine