2007 ME 131

**Michael A. HEON**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued: Jan. 18, 2007.
Decided: Sept. 18, 2007.

George A. Hess, Esq. (orally), The Hess Law Firm, Auburn, for petitioner.

Norman R. Croteau, District Attorney, Kevin J. Regan, Asst. Dist. Atty. (orally), Auburn, for State.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.*

Majority: SAUFLEY, C.J., and CLIFFORD, LEVY, and SILVER, JJ.

Dissent: ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Michael A. Heon appeals from a judgment of the Superior Court (Androscoggin County, *Gorman, J.*) denying his petition for post-conviction relief from two

---

* Justice Howard H. Dana, Jr. sat at oral argument and participated in the initial conference but retired before this opinion was certified.

counts of aggravated assault (Class B), 17–A M.R.S. § 208(1)(B) (2006) to which Heon had pleaded guilty. Heon contends that the post-conviction court erred in finding that he received effective assistance of counsel. We affirm the judgment.

## I. BACKGROUND

[¶ 2] In 2003, police arrested Heon following an incident, viewed by eyewitnesses, in which he fired a shotgun from only eight feet away into the window of a vehicle occupied by his ex-girlfriend and her boyfriend. Heon was indicted on seven charges: one count of aggravated attempted murder (Class A), 17–A M.R.S. § 152–A(1)(B) (2006); two counts of attempted murder (Class A), 17–A M.R.S. § 201(1)(B) (2006); two counts of elevated aggravated assault (Class A), 17–A M.R.S. § 208–B(A) (2006); and two counts of aggravated assault (Class B), 17–A M.R.S. § 208(1)(B). Heon was represented by student attorneys from the Cumberland Legal Aid Clinic and the Clinic's supervising attorney, E. James Burke.

[¶ 3] Pursuant to M.R.Crim. P. 11, Heon pleaded guilty to the two counts of Class B aggravated assault based on a plea agreement Burke had negotiated with the State. In return, the State amended one of the two counts to eliminate the allegation that the aggravated assault was committed with a firearm, thus eliminating the mandatory minimum sentence of two years as to that offense. *See* 17–A M.R.S. §§ 208, 1252(5) (2006). The State also dismissed the remaining five counts against Heon, all of which were Class A offenses, four of which each carried a maximum penalty of forty years incarceration, *see* 17–A M.R.S.A. § 1252(2)(A) (Supp.2001)[1], and one of which—the aggravated attempted murder charge—carried a maximum pen-

alty of life imprisonment, *see* 17–A M.R.S. § 152–A(2) (2006). According to the parties' agreement, on one of the aggravated assault counts, the court sentenced Heon to ten years imprisonment, none suspended, and on the second aggravated assault count, the court imposed a consecutive sentence of ten years, all suspended, and four years of probation. We denied Heon's subsequent sentence review application.

[¶ 4] Acting pro se, Heon filed a petition for post-conviction review in 2005, and then obtained court-appointed counsel. Although Heon's petition asserted six grounds for relief, he pursued primarily his claim of ineffective assistance of counsel before the post-conviction court. Following a hearing, the post-conviction court denied Heon's petition. Pursuant to 15 M.R.S. § 2131(1) (2006) and M.R.App. P. 19, we granted Heon a certificate of probable cause to allow this appeal.

[¶ 5] Viewing the evidence in the light most favorable to the prevailing party, as we must, *see Dowling v. Bangor Housing Auth.,* 2006 ME 136, ¶ 22, 910 A.2d 376, 384, the post-conviction court made the following findings based on competent record evidence. Heon was competent to stand trial, and to make decisions about his case. Heon's attorneys spent a great deal of time discussing with Heon the case investigation, preparations for trial, and plea negotiations with the State.

[¶ 6] During the Rule 11 proceeding, Heon appeared neither groggy nor tired, and indicated to the court that he was not confused or overmedicated. He was aware of and understood the terms of the agreement made by his attorneys with the State, including that he would be sentenced consecutively on the two aggravat-

---

1. Title 17–A M.R.S.A. § 1252(2)(A) (Supp. 2001) has since been repealed and replaced by P.L.2003, ch. 657, § 10 (effective July 30, 2004), which provides a maximum penalty for Class A crimes of thirty years incarceration. *See* 17–A M.R.S. § 1252(2)(A) (2006).

ed assault charges. Although he had multiple opportunities both during the Rule 11 proceeding and before the sentencing hearing, Heon failed to express any disagreement or confusion with regard to the agreement. Heon's attorneys represented him in a "thorough, professional, and skilled" manner, and indeed, Heon also indicated to the court that he had no complaints about his attorneys.

## II. DISCUSSION

■■■■ [¶ 7] Heon argues that he was denied effective assistance of counsel because his attorneys did not adequately explain the plea agreement or recognize his lack of competency to enter a plea. For a claim of ineffective assistance of counsel to succeed, two elements must be established: (1) that the attorney's performance "fell below that of an ordinary fallible attorney," and (2) that "there is a reasonable probability that, but for [counsel's] error, [the defendant] would not have entered a guilty plea and would have insisted on going to trial." *Aldus v. State,* 2000 ME 47, ¶ 13, 748 A.2d 463, 468. The post-conviction court did not reach the second element, the prejudice requirement, because it determined that Heon failed to establish the first element. *See Laferriere v. State,* 1997 ME 169, ¶ 7, 697 A.2d 1301, 1304–05 (adopting *Hill v. Lockhart,* 474 U.S. 52, 57, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[¶ 8] We review the court's determination of ineffectiveness for clear error. *Pineo v. State,* 2006 ME 119, ¶ 11, 908 A.2d 632, 637. In this post-conviction proceeding, it is Heon's burden of proof to demonstrate that his attorneys' performance was below that of an ordinary fallible attorney. *See id.* ¶ 10, 908 A.2d at 637. Heon failed to persuade the post-conviction court of this. Therefore, Heon can succeed in this appeal only if the evidence before the post-conviction court *compels* findings that Heon's attorneys did not inform Heon that

he faced a maximum sentence of twenty years total for the two separate counts, and that Heon was unaware that he faced such a penalty, and further *compels* the ultimate finding that the performance of his attorneys was below the ordinary fallible attorney standard. *See York Ins. of Me., Inc. v. Superintendent of Ins.,* 2004 ME 45, ¶ 15, 845 A.2d 1155, 1159; *see also Aldus,* 2000 ME 47, ¶ 19, 748 A.2d at 471.

[¶ 9] The evidence does not compel such findings. The testimony presented at the post-conviction hearing revealed that Heon had many meetings with his attorney and student attorneys prior to both the Rule 11 proceeding and the sentencing hearing. Although the particular phrase "twenty years" was never used, it is nevertheless clear from the record that Heon was very much aware at the Rule 11 hearing that he was pleading guilty to, and would be convicted of, two separate Class B aggravated assaults; that the maximum sentence for each of the Class B aggravated assaults was ten years; and that the sentences to be imposed for each would run consecutively. The post-conviction court found that at the sentencing hearing, Heon became focused on the minimum two-year sentence rather than on the actual sentence he could and did receive. The evidence also discloses, and the post-conviction court found, that Heon was competent and understood and accepted the negotiated plea, that he was not confused or overmedicated, and that had no complaints about his attorneys. The post-conviction court, having heard that evidence and having observed the demeanor of the witnesses, expressly found that Heon was represented by his attorneys in a "thorough, professional, and skilled" manner.

[¶ 10] Heon's attorneys successfully negotiated pleas on two Class B offenses and secured the dismissal of five Class A charges, one of which exposed Heon to a

possible sentence of imprisonment for life. *See* 17–A M.R.S. § 152–A(2). The post-conviction court's findings are supported by competent record evidence, and the court did not commit clear error in concluding that Heon failed to meet his burden of demonstrating ineffective assistance of counsel.

The entry is:

Judgment affirmed.

CALKINS, J., with whom ALEXANDER, J., joins, dissenting.

[¶ 11] I respectfully dissent. In my view the performance of counsel is inadequate when the criminal defendant enters a guilty plea and the record of the plea proceeding does not demonstrate that the defendant was informed in the courtroom of the maximum prison sentence that could be imposed. Because the record of Heon's plea proceeding does not demonstrate that he was informed of the maximum possible prison sentence in open court, the post-conviction court was compelled to find that counsel was inadequate. I would vacate the judgment and remand for the court to consider the prejudice prong of the inadequacy analysis. *See Laferriere v. State*, 1997 ME 169, ¶ 7, 697 A.2d 1301, 1304–05 (adopting *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[¶ 12] Our rules require that a defendant be informed, in open court, of the maximum possible sentence that can be imposed. M.R.Crim. P. 11(c). The purpose of Rule 11 is to insure that any plea by the defendant is made knowingly. The conviction of a defendant whose plea of guilty is not knowing and voluntary violates the defendant's due process rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

[¶ 13] Nowhere in the record of Heon's plea proceeding is there a discussion of the maximum possible sentence that could be imposed. The maximum sentence that Heon was facing if he pleaded guilty to two Class B offenses was twenty years. In fact, the sentence ultimately imposed on Heon was twenty years. Heon was never asked in open court if he knew that twenty years in prison was possible. The plea agreement had not been reduced to writing. Heon's attorney never made an affirmative statement at the Rule 11 proceeding that he had informed Heon of the twenty-year maximum possible sentence. Likewise, the prosecutor never stated at the Rule 11 proceeding that twenty years was the maximum possible sentence. Nor did the court itself inform Heon that he was facing a twenty-year sentence. In short, no one in the courtroom at the plea proceeding told Heon that twenty years was a possible sentence. No one asked Heon if he understood the maximum possible sentence.

[¶ 14] At an absolute minimum, defense counsel should insure that Rule 11 is followed when there is a guilty plea, and we should require the "reasonably competent attorney" to make certain that the Rule 11 requirements are followed. To be sure, the Rule 11 responsibility is one that is shared by the court, prosecutor, and defense counsel. Each are responsible for not only insuring that the defendant's plea is voluntary, but for making certain that the record demonstrates that the plea is voluntary. The court is required to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... the maximum possible sentence." M.R.Crim. P. 11(c), (c)(1). When the court neglects to do so, however, either the defense counsel or the prosecutor should politely remind the court of this requirement. For example, when it is apparent that the court has forgotten to address the defendant on this issue, defense counsel could prompt the court to provide the required information to the defendant by stating something along the lines of: "Your honor,

I have reviewed the maximum possible sentence with the defendant, and he is prepared to answer your inquiry about it."

[¶ 15] The Rule 11 requirement that a defendant be told in open court of the maximum possible sentence was not met at Heon's Rule 11 proceeding. Because Heon's counsel permitted him to plead guilty without the requirement of the rule having been met and without the court ascertaining that Heon understood that he was facing a twenty-year sentence, counsel's performance was inadequate. The post-conviction court was compelled to find as such.

[¶ 16] A finding that counsel's performance was inadequate does not mean that the post-conviction court was required to grant relief. Heon still has the burden to demonstrate prejudice. As noted by the Court, the post-conviction court did not reach that issue because of its finding of adequate performance. Therefore, I would remand for the court to consider whether Heon was prejudiced.[2]

---

**2.** To demonstrate prejudice, Heon had to show that there was a reasonable possibility that he would have insisted on going to trial but for his attorney's performance. *See Laferriere v. State*, 1997 ME 169, ¶ 8, 697 A.2d 1301, 1305. At the post-conviction hearing, Heon testified he had a "discrepancy" with his attorney over pleading guilty to two aggravated assault charges and that he told his attorney that he was not guilty on one of the charges. This statement, if credible, may be enough to establish prejudice.