MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2017 ME 162
Docket:       Aro-15-333
Argued:       February 6, 2017
Decided:      July 20, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JAMES A. PHILBROOK

v.

STATE OF MAINE

SAUFLEY, C.J.

[¶1]  James A. Philbrook appeals from a judgment in which the court (Aroostook County, *Hunter, J.*) denied his petition for post-conviction review seeking relief from a judgment of conviction entered after a jury found him guilty of theft by misapplication of property (Class B), 17-A M.R.S. § 358(1)(B)(1) (2016), and securities fraud (Class C), 32 M.R.S. §§ 16501, 16508 (2012).[1]  He contends that the evidence presented at his post-conviction hearing compelled the court to find that defense counsel's representation during plea negotiations, and counsel's illness and inattention

---

[1]  Title 32 M.R.S. § 16508 has since been amended.  *See* P.L. 2013, ch. 39, § 2 (effective Oct. 9, 2013) (codified at 32 M.R.S. § 16508(1) (2016)).

at trial, deprived Philbrook of the effective assistance of counsel, resulting in prejudice. We affirm the judgment.

## I. BACKGROUND

[¶2] Philbrook was convicted of theft by misapplication of property and securities fraud upon evidence that he persuaded his longtime insurance and estate planning clients to transfer a total of $195,000 to his account for investment in a Pay-Per-View event and another investment he vaguely described as having to do with student loans. *See State v. Philbrook*, 2013 ME 86, ¶¶ 1-6, 81 A.3d 326. Instead of investing their money, however, Philbrook used it to repay money that his son had embezzled from his employer and to cover Philbrook's own ongoing expenses. *Id.* ¶¶ 5-6. He did not repay to his clients any of the $195,000 that they had invested. *Id.* ¶ 7.

[¶3] The jury found Philbrook guilty of both charged counts. *Id.* ¶¶ 1, 8. The court entered a judgment of conviction and sentenced Philbrook to eight years' imprisonment for theft by misapplication of property, with all but three years suspended, and three years of probation with a special condition that he pay $195,000 in restitution, and to three years' imprisonment for securities fraud, to run concurrently with the theft sentence. *Id.* ¶ 8. Philbrook appealed to us from that judgment and argued, among other things, that the jury

instruction provided by the trial court had omitted a necessary element of the crime of theft. *Id.* ¶¶ 8-9. We concluded that the court had not erred, and we affirmed the judgment in its entirety. *Id.* ¶¶ 1, 9.

[¶4] On November 7, 2013, Philbrook filed his petition for post-conviction review alleging the ineffective assistance of his trial counsel. *See* 15 M.R.S. § 2129 (2016). In its judgment, entered on June 8, 2015, the court found that Philbrook "failed to prove . . . that his trial counsel did not communicate to him the State's offer of a plea agreement and that there was a reasonable probability that he would have accepted it." With respect to counsel's assistance at trial, the court found that, although defense counsel was coughing and at times felt fatigued and inattentive or lightheaded, Philbrook failed to connect counsel's ailment to any particular deficiency in performance or to identify any prejudice to his case resulting from such a deficiency. The court concluded that Philbrook had waived any argument regarding the jury instruction on theft because he raised the issue on direct appeal and we resolved the question in favor of the State. *See* 15 M.R.S. § 2128(1) (2016) ("Errors at the trial that have been . . . raised on a direct

4

appeal . . . may not be raised in an action for post-conviction review under this chapter . . . ."); *Philbrook*, 2013 ME 86, ¶ 9, 81 A.3d 326.[2]

[¶5]  Philbrook did not move for further findings of fact.  *See* M.R.U. Crim. P. 23(c).  He filed a notice of appeal and submitted a memorandum seeking a certificate of probable cause.  *See* 15 M.R.S. § 2131(1) (2016); M.R. App. P. 19(a)(vi), (c).  We issued a certificate of probable cause, and we now consider Philbrook's appeal.  *See* M.R. App. P. 19(f).

## II.  DISCUSSION

A.    Burden of Proof and Standard of Review

[¶6]    Claims of ineffective assistance of counsel raised on post-conviction review "are governed by the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)."  *Middleton v. State*, 2015 ME 164, ¶ 12, 129 A.3d 962.  Applying that test, a petitioner bears the burden, at the post-conviction trial, of proving the following: (1) "'counsel's representation fell below an objective standard of reasonableness,'" and (2) "the deficient representation resulted in prejudice."  *Id.* (quoting *Strickland*, 466 U.S. at 688).  A court need not "address both

---

[2]  We agree with the court on this point and do not discuss the issue further.

components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697 (quotation marks omitted).

[¶7]  As to the first part of the *Strickland* test, counsel's representation of a defendant falls below the objective standard of reasonableness if it falls "below what might be expected from an ordinary fallible attorney." *Francis v. State*, 2007 ME 148, ¶ 4, 938 A.2d 10 (quotation marks omitted).  "Judicial inquiry into the effectiveness of representation is 'highly deferential.'" *Middleton*, 2015 ME 164, ¶ 13, 129 A.3d 962 (quoting *Strickland*, 466 U.S. at 689).  "The post-conviction court must make every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* (quotation marks omitted).  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation marks omitted).

[¶8]  To establish prejudice—the second part of the *Strickland* test—the post-conviction petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different," meaning that the "ineffective assistance of counsel rose to the level of compromising the reliability of the conviction and undermining confidence in it." *Theriault v. State*, 2015 ME 137, ¶¶ 19, 25, 125 A.3d 1163 (quotation marks omitted). A conviction may be "unreliable and not worthy of confidence," thus satisfying the "reasonable probability" test, even without proof that a different outcome was "more likely than not," as the now superseded "outcome determinative" test would require. *Id.* ¶¶ 19-22, 25 (quotation marks omitted).

[¶9] In reviewing a post-conviction court's findings on appeal, the facts found regarding both the underlying trial and the post-conviction hearing are viewed in the light most favorable to the post-conviction court's judgment. *Lamarre v. State*, 2013 ME 110, ¶ 2, 82 A.3d 845; *Heon v. State*, 2007 ME 131, ¶ 5, 931 A.2d 1068. Because a petitioner bears the burden of proof at the post-conviction hearing, "we will not disturb the court's determination that [the petitioner] failed to satisfy his burden unless the evidence compelled the court to find to the contrary." *Laferriere v. State*, 1997 ME 169, ¶ 6, 697 A.2d 1301 (quotation marks omitted); *see Heon*, 2007 ME 131, ¶ 8, 931 A.2d 1068. "On review after a hearing in which the court has stated its findings, and there has been no motion for further findings, we will infer that the court found all

the facts necessary to support its judgment if those inferred findings are supportable by evidence in the record." *State v. Connor*, 2009 ME 91, ¶ 9, 977 A.2d 1003. Only legal conclusions reached on post-conviction review are reviewed de novo. *See Fortune v. State*, 2017 ME 61, ¶ 12, 158 A.3d 512.

B.      Review of the Post-Conviction Judgment

[¶10]     We now consider whether the evidence presented on post-conviction review compelled the court to find ineffectiveness, either (1) during plea negotiations or (2) at trial, that resulted in prejudice.

1.      Effectiveness of Assistance During Plea Negotiations

[¶11]  A defendant's Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see Laferriere*, 1997 ME 169, ¶¶ 5, 7, 697 A.2d 1301. With respect to the decision whether to accept a plea offer, "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 566 U.S. at 174. When a defendant alleges that the rejection of a proposed plea resulted from the ineffectiveness of counsel, the defendant must show that, but for the ineffective assistance of counsel, there is a "reasonable probability" that

- The plea offer would have been presented to the court, meaning that the defendant would have accepted the plea and the prosecution would not have withdrawn it for other reasons;

- The court would have accepted the terms presented; and

- The terms of the offer would have provided for a less severe conviction or sentence than the conviction or sentence ultimately reached.

*Id.* at 164.

[¶12]    Here, the court found—with evidentiary support—that (1) counsel did communicate to Philbrook the plea offer from the State involving a cap of two years in prison, (2) Philbrook would not agree to an offer that would require prison time and would accept only a short sentence to county jail, (3) Philbrook never stated or testified that he would have agreed to accept the offer, and (4) counsel and Philbrook shared a level of optimism that informed their strategy in rejecting the offer. Although there was evidence that counsel did not forward to Philbrook each letter he exchanged with the State, the evidence does not compel a finding that, if Philbrook had seen those communications instead of just conversing about them by telephone, there was "a reasonable probability that . . . [he] would have accepted the plea." *Id.* Accordingly, the court was not compelled to find that Philbrook established deficient representation or prejudice during plea negotiations. *See Strickland*, 466 U.S. at 687-96; *Laferriere*, 1997 ME 169, ¶ 6, 697 A.2d 1301.

2.      Effectiveness of Assistance During Trial

[¶13]  Philbrook next contends that his counsel, due to illness, failed to object to leading questions.  Philbrook argues that he suffered prejudice because the guilty verdict and judgment of conviction are "unreliable and not worthy of confidence," *Theriault*, 2015 ME 137, ¶ 25, 125 A.3d 1163, due to counsel's alleged unresponsiveness or inattention.  Philbrook also argues that prejudice may be legally presumed because "counsel's ineffectiveness amounts to the constructive denial of the assistance of counsel."  *Id.* ¶ 17 (quotation marks omitted).  Philbrook did not raise the issue of presumed prejudice with the trial court, however, and therefore we review that issue only for obvious error.  *See* M.R.U. Crim. P. 52(b); *State v. True*, 2017 ME 2, ¶ 15 & n.6, 153 A.3d 106.

[¶14]  Although counsel was ill during the trial, the court was not persuaded that the illness resulted in ineffectiveness, including prejudice to Philbrook's case.  The court specifically articulated the "reasonable probability" test—not the "outcome determinative" test—as the applicable test and found that Philbrook had failed to establish prejudice, *see Theriault*, 2015 ME 137, ¶¶ 19-25, 125 A.3d 1163.  The court's judgment indicates that it "observed nothing that would have caused it concern regarding trial counsel's

ability to perform his professional responsibilities at trial of this matter," and the trial transcript demonstrates that counsel presented an opening statement, actively cross-examined and re-cross-examined witnesses, directly examined Philbrook, and presented a cogent closing argument.

[¶15]   Thus, even if the court did not specifically use the words "unreliable and not worthy of confidence," *id.* ¶ 25, we infer from the court's judgment that it was not persuaded that the conviction was unreliable, *see Connor*, 2009 ME 91, ¶ 9, 977 A.2d 1003.  Because Philbrook has not indicated that any changes in the *content* of testimony would have resulted from objections to the *form* of the prosecutor's questions, and has not argued that any other specific consequences flowed from counsel's illness or alleged inattention, the record does not compel a finding of ineffectiveness or that any ineffectiveness resulted in prejudice.  *See Laferriere*, 1997 ME 169, ¶ 6, 697 A.2d 1301.  Absent a finding that counsel's representation was ineffective, there was no "constructive denial" of the assistance of counsel, and therefore the court did not commit obvious error in not applying that concept. *Theriault*, 2015 ME 137, ¶ 17, 125 A.3d 1163 (quotation marks omitted); *see* M.R.U. Crim. P. 52(b); *True*, 2017 ME 2, ¶ 15, 153 A.3d 106.

The entry is:

Judgment affirmed.

Sarah LeClaire, Esq. (orally), Presque Isle, for appellant James A. Philbrook

Janet T. Mills, Attorney General, and Denis Culley, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Aroostook County Superior Court docket number CR-2013-198
FOR CLERK REFERENCE ONLY