MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 219
Docket:       Han-17-73
Submitted
 On Briefs:   October 24, 2017
Decided:      November 28, 2017

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

JAKE M. WHITE

PER CURIAM

[¶1]  The State appeals from judgments entered in two cases in the Unified Criminal Docket (Hancock County, *R. Murray, J*.) after a consolidated jury-waived trial.  In one case, the court found in favor of Jake M. White on the State's complaint alleging that White had fished without a valid fishing license.  *See* 12 M.R.S. § 6421(1)(A) (2016).  In the second case, the court denied the State's petition for forfeiture of property, namely, lobsters seized from White's boat.  *See* 12 M.R.S. § 6207 (2016).  We affirm the judgments.

[¶2]  The State's contentions on appeal amount to assertions that the evidence did not support the judgments.  Because the burden of proof at trial rested on the State, the State must demonstrate here that the evidence compelled the court to enter judgments in its favor.  *See Philbrook v. State*,

2017 ME 162, ¶ 9, 167 A.3d 1266. Further, because neither party requested that the court issue further findings of fact, we infer that the court made the findings necessary to support its judgments. *See Pelletier v. Pelletier*, 2012 ME 15, ¶ 20, 36 A.3d 903.

[¶3] In the circumstances of this case, to establish a violation of section 6421(1)(A), the State was required to prove either (1) that White did not possess a commercial lobster fishing license issued by the Passamaquoddy Tribe, or (2) that the Tribe did not file a copy of White's tribal license with the Commissioner of the Maine Department of Marine Resources. *See* 12 M.R.S. § 6302-A(1), (3)(A), (5) (2016). The evidence did not compel the trial court to find in the State's favor on either of these issues.

[¶4] With respect to the first issue, because the court was presented with testimonial and documentary evidence that the Tribe had issued a commercial lobster fishing license to White, the court was not compelled to conclude that White did not have a tribal license.

[¶5] As to the second issue, the State presented a sworn certification, issued pursuant to 12 M.R.S. § 6205 (2016), that DMR did not have a record of a license issued to White. The court was not required to find that the information in the certification was true, however, because, pursuant to

section 6205, the certification is merely "evidence" that the information in it is correct; the statute does not provide that certification *conclusively* establishes what it states. Additionally, the court was presented with evidence that the Tribe intended to notify DMR of White's tribal license and that a week later— before the alleged offense date—a tribal official told White that he was allowed to fish. The statement of an intention to perform an act permits a finding that the declarant acted in accordance with the expressed intention. *See Mut. Life Ins. Co. v. Hillmon*, 145 U.S. 285, 298-300 (1892); *State v. Atwood*, 2010 ME 12, ¶¶ 27-31, 988 A.2d 981; *State v. Cugliata*, 372 A.2d 1019, 1027-29 (Me. 1977); *see also* Field & Murray, *Maine Evidence* § 803.3 at 461, 474-75 (6th ed. 2007). Therefore, on this record the court was not compelled to find that the Tribe had not provided proper notice of White's tribal license to the Commissioner.

[¶6] For these reasons, the court did not err by concluding that the State had not met its burden of proving that White's fishing activity was unlawful. Consequently, the court also did not err by concluding that the lobsters seized from White's boat were not subject to forfeiture.

The entry is:

Judgments affirmed.

Matthew J. Foster, District Attorney, and Heather A. Staples, Asst. Dist. Atty., Prosecutorial District VII, Ellsworth, for appellant State of Maine

Jake M. White did not file a brief

Ellsworth District Court docket number CV-2016-149
Hancock County Unified Criminal Docket docket number VI-2016-385
FOR CLERK REFERENCE ONLY