STATE OF MAINE                        UNIFIED CRIMINAL DOCKET
AROOSTOOK, ss                         DOCKET NO. AROCD-CR-20-00614


WAI CHAN                         )
                    Petitioner   )
                                 )
vs                               )                  DECISION
                                 )
STATE OF MAINE                   )
                    Respondent   )


## INTRODUCTION

Pending before the court is Wai Chan's (hereafter "Petitioner") Petition for Post-Conviction Review. Hearing on the petition was held on July 12, 2023. Petitioner was present by ZOOM with attorney Winger, also by ZOOM. The court provided three mandarin translators to assist Petitioner with this hearing and with discussions between Petitioner and his attorney. The State was represented by District Attorney Collins, who was present in the courtroom. Testimony was received from Attorney Stephen Smith, and Petitioner. The record also includes, and the court has considered, the docket sheets and file contents of the underlying criminal case, the transcript of trial proceedings, and the appellate decision. The Court's pre-hearing order dated February 14, 2023 set the post-hearing briefing schedule in accordance with M.R.Un.Crim.P. 73(c). Petitioner failed to file any post-hearing brief. The State filed its post-hearing brief on August 30, 2023. After consideration of the record presented and the arguments of counsel, the court finds and orders as follows:

1

## ISSUES IDENTIFIED

By indictment dated November 9, 2017, Petitioner was charged with the following offenses alleged to have occurred on or about the following dates:

1. Burglary – Class B, 17-A M.R.S. §401(1)(B)(4) – September 3, 2017; and

2. Theft by Unauthorized Taking – Class B, 17-A M.R.S. §353(1)(B)(1) – September 3, 2017.

A jury trial was held on April 22, 2019 and April 23, 2019. The jury returned a verdict of guilty on both counts set forth above. The jury found that the value of the stolen property was more than $1,000 but not more than $10,000, resulting in a conviction for a Class C Theft by Unauthorized Taking. *See, 17-A M.R.S. §353(1)(B)(4)*. Petitioner was sentenced to 3 years on Count 1, 2 years and $1,000 of restitution on Count 2. Petitioner appealed the convictions to the Law Court. The trial court was affirmed in a decision dated June 18, 2020. *State v. Chan*, 2020 ME 91. On October 22, 2020, Petitioner filed a petition for post-conviction alleging ineffective assistance of counsel and other vague claims of prejudice from the trial.

The court ordered Petitioner to show cause as to why the petition should not be dismissed for failure to show impediment pursuant to 15 M.R.S. §2124. Petitioner did not do so in accordance with the court's order. At the commencement of the hearing on the Petition, the parties stipulated to the fact that the Petitioner currently has an outstanding restitution obligation. *Id.* at §2124(a)(F). By order dated February 14, 2023, the Petitioner was ordered to provide Respondent with clarification of the claims being advanced and file such clarification with the court by February 28, 2023. Petitioner failed

2

to do so but did file on July 12, 2023 at 7:39 a.m. "Petitioner's Hearing Memorandum" making clear that the sole claim being advanced by Petitioner was that his trial counsel provided ineffective assistance in failing to investigate and use an exhibit related to an HP Laptop purchase at trial for purposes of impeachment of one of the State's witnesses, Jing Zhou. All other claims asserted in the Petition were withdrawn by Petitioner.

## STANDARD OF REVIEW

Claims of ineffective assistance of counsel raised on post-conviction review are governed by the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Applying that test, a petitioner bears the burden, at the post-conviction trial, of proving the following: (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation resulted in prejudice. *Philbrook v. State*, 2017 ME 162, ¶ 6. The second prong of the test is also described as whether errors of counsel actually had an adverse effect on the defense. *Fahnley v. State*, 2018 ME 92, ¶17; *Hodgdon v. State*, 2021 ME 22, ¶11.

As to the first prong of the test, counsel's representation falls below the objective standard of reasonableness if it falls below what might be expected from an ordinary fallible attorney. "Judicial inquiry into the effectiveness of representation is 'highly deferential.' . . . '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Watson v. State*, 2020 ME 51, P20, 230 A.3d 6, 12

3

(Quoting, *Middleton v. State*, 2015 ME 164, ¶ 13, 129 A.3d 962 (quoting *Strickland*, 466 U.S. at 689)). The court is mindful that trials play out in real time and the post-conviction court "must make every effort to eliminate the distorting effects of hindsight." *Philbrook v. State*, 2017 ME 162, ¶ 6.

> In order to prove that counsel's performance was constitutionally deficient,
>
> "a defendant must show that counsel's representation fell below an objective standard of reasonableness. The question is whether the counsel's performance fell within the wide range of reasonable professional assistance that a competent criminal defense counsel could provide under prevailing professional norms. The *Strickland* test compels us to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective *at the time*." (Internal citations and punctuation omitted.)

*Meggans v. State of Maine*, 2014 ME 125, ¶23,103 A.3d 1031,1039 (Emphasis added).

As to the second part of the Strickland test, "to establish prejudice — that counsel's errors had an adverse effect on the defense — a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' *Strickland*, 466 U.S. at 694; *see Watson*, 2020 ME 51, ¶ 29, 230 A.3d 6." *Hodgdon v. State*, 2021 ME 22, P12, 249 A.3d 132, 136.

## DISCUSSION

Trial counsel provided the discovery material to the Petitioner. Included in the discovery material was a document setting forth the bar code, serial number, and product number of an HP Pavilion Notebook. Petitioner claims that he informed his attorney that there was an "issue" with that documentation that required further investigation. Petitioner has failed to convince the court that he actually provided his attorney the

4

specific information that the documentation did not support the purchase date of the laptop as alleged by the State's witness. Petitioner has shown that trial counsel was aware of Petitioner's contention that he was not present during the purchase of the laptop.

Trial counsel contended that the issue of the purchase date of the laptop was far from central to the trial. The court notes that the date of the purchase was not included *at all* in Jing Zhou's testimony. *See, Trial Transcript – Vol.1, Pages 143-169.* The discrepancy in the purchase date as contended by Petitioner and the date as perhaps identified in the discovery materials from statements of the witness was approximately 5 or 6 months. There were several victims to the theft of items of property and large sums of cash. The laptop was merely one of items identified as being stolen. The trial strategy was to focus efforts on the discrepancy between date Petitioner terminated his employment and the date the Petitioner was alleged to be in the vicinity of the crime (being two weeks later), with no resources in the area, and the unreliability of the video evidence.

As it relates to this inaction by defense counsel in failing to further press the issue of the purchase date of the laptop, the court finds that the Petitioner has failed to show that defense counsel's performance "fell below an objective standard of reasonableness." Technically, there is no discrepancy on purchase date as no purchase date was elicited in the testimony. If the purchase date is as Petitioner contended, it could call into question the witness's description of the events surrounding the purchase. However, the Petitioner could have presented testimony to refute the claim that he was present during

the purchase of the laptop, and he elected not to do so. *See, Trial Transcript – Vol.2, Pages 138-143.* The purpose of the testimony regarding the purchase of the laptop was to show that the Petitioner was aware of and familiar with the laptop. The fact that the witness had a laptop in the common area of the living quarters shared by the Defendant was not disputed. More importantly, multiple other witnesses identified the Petitioner and his vehicle as being present at the time of the theft.

Petitioner has failed to present any admissible evidence to support the inferences or conclusions he contends the jury should have reached if they had received evidence regarding the laptop purchase date. The only support for Petitioner's contention that the records would reflect a December, 2016 purchase date was his testimony that he found the VIN and searched the manufacturer's website as to when it was sold. Assuming arguendo that the Petitioner could satisfy the evidentiary prerequisites to admit such evidence at trial, it is not clear as to whether this "purchase date" is the date the unit was sold by the manufacturer to the retailer, whether it relates to date of the ultimate sale to the consumer, or whether it relates to a date the unit was registered by a consumer for warranty purposes. Again, the laptop was one of many items included in the theft and Zhou was one of many witnesses presented by the State to support the conviction.

Considering all of evidence against the Petitioner and the circumstances present at trial, the Petitioner has also failed to affirmatively show that the decision to not raise the issue of the laptop purchase date undermines confidence in the outcome of the case and renders that outcome unreliable. *Theriault v. State*, 2015 ME 137, ¶¶19, 20, 125 A.3d

6

1163, 1170("...the result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome").

Based upon the foregoing, Petitioner Wai Chan's petition for post-conviction relief is DENIED.

Dated: _____September 11_____, 2023

_____
Justice, Superior Court

7