1997 ME 51

**STATE of Maine**

v.

**Carl WALLACE.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1997.

Decided March 20, 1997.

---

**6.** The receipts admitted were for the following amounts and dates:

| State's Exhibit # | Charge | Date |
|---|---|---|
| 4 | $39.20 | 10/24/92 |
| 5 | $37.31 | 10/29/92 |
| 7 | $18.96 | 10/31/92 |
| 8 | $39.42 | 11/06/92 |
| 9 | $40.28 | 11/06/92 |
| 10 | $42.29 | 11/06/92 |
| 11 | $38.99 | 11/10/92 |
| 12 | $52.34 | 11/11/92 |
| 13 | $37.36 | 11/11/92 |
| 14 | $37.83 | 11/12/92 |
| 15 | $42.35 | 11/12/92 |
| 16 | $39.18 | 11/12/92 |
| 17 | $28.08 | 11/13/92 |

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Peter E. Rodway, Rodway & Horodyski, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Carl Wallace appeals from the judgment of conviction entered in the Superior Court (Cumberland County, *Cole, C.J.*) on a jury verdict finding him guilty of cruelty to animals, 17 M.R.S.A. § 1031(1)(B) (Supp. 1996). As the sole issue on appeal, Wallace argues that because of prosecutorial misconduct the court was compelled to grant a mistrial. We affirm the judgment.

[¶ 2] Wallace was accused of deliberately striking a dog with a snowplow attached to his vehicle. Robert Taddia described the incident and testified further that Wallace pursued the dog with a gun and said he was going to shoot the dog because it was vicious. Taddia told Wallace that he would call an animal control officer to take care of the dog but that shooting it was not an option. Wallace said the dog was vicious and called Taddia crazy.

[¶ 3] At the conclusion of the State's direct examination of Taddia, the transcript reveals the following:

Q. [PROSECUTOR]: Now, Mr. Taddia, isn't it true as a result of this incident you were made the Channel 8 Person Of The Week?

A. (Witness nodded).

[DEFENSE COUNSEL]: Objection

THE COURT: Sustain the objection. The jury is to disregard the question.

[PROSECUTOR]: Withdraw that.

[DEFENSE COUNSEL]: Can we come to sidebar please?

THE COURT: You may.

(Conference at sidebar.)

[DEFENSE COUNSEL]: The last question and answer were entirely inappropriate, bolstering this witness's credibility, so I'm going to move for a mistrial. That was absolutely prejudicial.

[PROSECUTOR]: Your Honor, I withdrew the question, you told the jury to disregard it, I think they can pretty much.

THE COURT: Well, you shouldn't have asked the question. I think I have adequately address[ed] it with the jury but let's refrain from any future conduct. The motion for mistrial is denied.

(Open Court.)

[PROSECUTOR]: Thank you. Mr. Taddia, I have no further questions.

[¶ 4] On appeal, Wallace argues that the improper question was not a mere mistake because it was asked in a leading manner to prevent Wallace from negating its effect by a timely objection. Moreover, he states that the assistant district attorney offered no rationale for the question's relevance, immediately withdrew the question, and immediately

ended direct examination of the witness. The State concedes the question was improper but argues that it did not warrant a mistrial.

▮▮ [¶ 5] We agree with Wallace's contention that "the prosecutor engaged in a deliberate, bad faith attempt to obtain a conviction through illegitimate means." As we have frequently stated, a prosecutor's duty is not simply to obtain a conviction but rather to ensure that justice is done. *See, e.g., State v. Bourgeois,* 639 A.2d 634, 638 (Me.1994). We are unable to conceive any rationale supporting the relevance of such a question and assume that the district attorney would not condone such trial tactics.

▮▮ [¶ 6] Our disapproval of the prosecutor's conduct, however, does not end the inquiry. We must depend to a great extent on the trial court's perception of prejudice. We review for abuse of discretion and defer generally to the judgment of the trial court. The court immediately sustained the objection and *sua sponte* instructed the jury to disregard the question. In *State v. Bennett,* 658 A.2d 1058, 1063 (Me.1995), we were confronted with "a deliberate and premeditated statement, obviously beyond the parameters of proper argument and inconsistent with the State's overriding obligation to see that the accused receive a fair trial." The court had offered to give a curative instruction to the jury for the challenged statement. In this case as in *Bennett,* we conclude that the court was not confronted with the type of exceptionally prejudicial circumstance that requires reversal of the trial court's decision. *Id.* at 1063–64.

The entry is:

Judgment affirmed.